```
STATE OF INDIANA        )              LAKE CIRCUIT/SUPERIOR COURT
                        ) SS:
COUNTY OF LAKE          )              _____, INDIANA
```

FILED IN CLERK'S OFFICE
2018 FEB -2 PM 12: 42
MICHAEL A. BROWN
CLERK LAKE CIRCUIT COURT

```
SARAH WILLIS                           )
                                       )
        Plaintiff,                     )
                                       )
   vs.                                 )   CAUSE NO.: 45D02-1802-PL-6
                                       )
CONDUENT HUMAN SERVICES, LLC           )
d/b/a ACS HUMAN SERVICES, LLC          )
and XEROX CORPORATION                  )
                                       )
        Defendants.                    )
```

## COMPLAINT FOR DAMAGES

Plaintiff, Sarah Willis, by counsel, Kara Bekelya and David W. Masse, for her causes of action against the Defendants, Conduent Human Services, LLC d/b/a ACS Human Services, LLC (hereinafter "ACS"), and Xerox Corporation (hereinafter "Xerox") (collectively "Defendants"), alleges and states as follows:

### I.   PARTIES

1. The Plaintiff, Sarah Willis, is a disabled individual within the meaning of the American With Disabilities Act (ADA), 42 U.S.C. § 12101 et. seq. (1994), and a resident and citizen of the County of Lake, State of Indiana. The Plaintiff suffers from chronic otitis media, which is a chronic infection of the middle ear cavity causing hearing loss, dizziness, and pain.

2. The Defendant, ACS, is a Domestic for-profit Limited Liability Company, with its principal office at 8260 Willow Oaks Corporate Drive, Fairfax, Virginia 22031.

3. At all times relevant hereto, ACS has done business in the State of Indiana, and has continuously had and does now have at least fifteen (15) employees.

1

4. The Defendant, Xerox, is a foreign for-profit Corporation, with its principal office at Glover, Ave. P.O. Box 4505, Norwalk, Connecticut 06856.

5. At all times relevant hereto, Xerox has done business in the State of Indiana and has continuously had and does now have at least fifteen (15) employees.

6. The incidents complained of herein occurred in the County of Lake, State of Indiana.

7. At all relevant times herein, Defendants have continuously been engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C.A. § 12111(5) and § 107(7) of the ADA, 42 U.S.C.A. §12117(a), which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C.A § 2000e(g) and (h).

8. The Defendants are employers within the meaning of the Americans with Disabilities Act.

## II.     PROCEDURAL REQUIREMENTS

9. On or about June 2, 2017 the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Indiana.

10. The EEOC charge was filed within three hundred (300) days after the occurrence of one or more of the unlawful employment practices alleged herein.

11. On November 6, 2017, the EEOC issued Plaintiff a Notice of Right to Sue letter, stating that Plaintiff could file an action under the ADA. (See Right To Sue Letter attached as "Exhibit A").

12. Plaintiff filed the Complaint in this case within ninety (90) days after the date on which she received the Notice of Right to Sue.

13. Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted her administrative remedies as required by law.

### III.  FACTS:

Plaintiff, by counsel, Kara Bekelya and David W. Masse, for her causes of action against the Defendants, alleges and states as follows:

14. On or about May 19, 2007, the Plaintiff began her employment as an Eligibility Specialist with ACS when they were contracted by the State of Indiana to handle the Indiana Modernization Project.

15. During the year 2013, the Plaintiff's condition began to worsen, and she was having episodes 3-4 times per month, causing her to have flare-ups in her ear, dizziness, pain, headaches, and hearing problems.

16. On April 15, 2013, the Plaintiff provided her employer with notice from her doctor that she could no longer answer the telephones due to hearing loss caused by her chronic condition.

17. The Plaintiff verbally requested to her supervisor that, due to her medical condition, she needed to be exempt from answering the phones because wearing the headset irritated her condition and she could not hear the customers when they called.

18. The Plaintiff still continued to process applications.

19. During 2013, the Defendants accommodated the Plaintiff's disability by not requiring her to answer external incoming phone calls.

20. However, in 2014, the Plaintiff was informed by the Defendants that she needed to begin answering calls again, or she would be demoted to a lower paying position.

21. The Plaintiff did not feel like she should be forced to be demoted, so she continued trying to process applications and answer phone calls to the best of her ability.

22. On or about August 5, 2015, without any previous written warnings, the Plaintiff was given a final written warning for her performance improvement review, where she was accused of "cheating on SBC."

23. Sometime in September 2016, the Plaintiff informed her supervisor that she could not hear clients during incoming calls because of her hearing disability.

24. Sometime in November 2016, the Plaintiff requested and was granted leave under the Family and Medical Leave Act because of the chronic otitis media.

25. Sometime in February 2017, the Plaintiff was called into the office and informed that she dropped ninety-nine (99) phone calls from October 2016 through February 2017.

26. However, on February 13, 2017, the Plaintiff was terminated for "failure to complete assigned job duties, misrepresentation of work provided to employer, and engaging in unethical practices. (See U.S. EEOC response attached as Exhibit "B").

27. After the Plaintiff was terminated, she filed for unemployment because she had been involuntarily terminated due to a medically substantiated physical disability.

28. On March 8, 2017, the Administrative Law Judge (hereinafter "ALJ") found the Defendants knew about the Plaintiff's hearing issues, but required the Plaintiff to continue answering the phones in order to maintain her position.

29. The ALJ also concluded the Defendants knew about the Plaintiff's medical condition, and she was involuntarily discharged from that position.

30. The ALJ concluded the Plaintiff was not terminated for cause.

## COUNT I—Violation of ADA, Title I

Plaintiff, by counsel, Kara Bekelya and David W. Masse, for her further causes of action against the Defendants, alleges and states as follows:

1. Paragraphs 1 through 30 are incorporated herein by reference.

2. The Plaintiff suffers from a physical impairment which limits her in the major life activity of hearing; therefore, Plaintiff is disabled within the meaning of the ADA.

3. At all relevant times, the Plaintiff was able to perform and performed the essential functions of her job.

4. The Plaintiff was asked to perform a non-essential function of her job and requested a reasonable accommodation of her disability that the non-essential function of answering the phones be reassigned to another employee.

5. The Plaintiff also learned a similarly-situated employee of the Defendants, who cannot speak proper English, was not required to answer the telephones.

6. The Defendants' alleged reasons for discharging the Plaintiff are pretexts.

7. The reasons for the Plaintiff's termination are discriminatory in nature.

8. The Defendants unlawfully refused the Plaintiff this reasonable accommodation, and then discharged her because of her disability.

9. The acts alleged above constitute unlawful employment practices in violation of the ADA §§ 102(a), 102(b)(1), 102(b)(5)(A) and (B), 42 U.S.C.A. § 12112(a), (b)(1), (b)(5)(A), and (B).

10. All conduct alleged above occurred during a legally cognizable time period at the Defendants' Crown Point, Indiana facility.

11. The Defendants' employment practices, as alleged above, deprived Plaintiff of equal employment opportunities, otherwise adversely affected her status as an employee, and were motivated by the Plaintiff's disability.

12. The Defendants engaged in the above-described conduct against the Plaintiff with malice and in reckless disregard of the Plaintiff's federal protected rights.

WHEREFORE, Plaintiff, Sarah Willis, prays for judgment against the Defendants in an amount that will adequately compensate her for her damages, costs of this action, attorney fees, and all other just and proper relief in the premises.

### COUNT II—Hostile Work Environment

Plaintiff, by counsel, Kara Bekelya and David W. Masse, for her further causes of action against the Defendants, alleges and states as follows:

1. Paragraphs 1 through 30 are incorporated herein by reference.

2. At various times and dates within three hundred (300) days off filing the aforementioned EEOC Complaint, the Defendants subjected the Plaintiff to a hostile work environment on a continuing basis, during which time the Plaintiff was subject to unwelcome harassment and discrimination because of her disability.

3. This unwelcome harassment and discrimination by the Defendants unreasonably interfered with the Plaintiff's work performance by creating an intimidating, hostile, or other offensive work environment that seriously affected the Plaintiff's well-being.

4. The harassment and disability discrimination by the Defendants against the Plaintiff was severe and pervasive.

5. The Plaintiff's supervisors who had power to influence the terms of the Plaintiff's employment, permitted, ratified, engaged in, or otherwise condoned disability discrimination against the Plaintiff, without taking sufficient action to stop the discrimination.

6. The Defendants treat similarly situation non-disabled employees with far greater consideration, respect, and more favorable treatment than disabled employees.

7. Due to the Plaintiff's disability, she was subjected to adverse employment actions, including, without limitations, being denied promotion to (or even consideration for) positions for which she was eminently qualified, being subjected to disciplinary measures or reprimands for relatively minor conduct not resulting in disciplinary measure or reprimands against similarly situated non-disabled co-workers, being subjected to more onerous performance standards than similarly situated non-disabled co-workers, being tasked with less favorable job assignments and duties than similarly situated non-disabled individuals, and by terminating the Plaintiff's employment without offering a reasonable accommodation to the Plaintiff in view of her condition.

WHEREFORE, Plaintiff, Sarah Willis, prays for judgment against the Defendants in an amount that will adequately compensate her for her damages, costs of this action, attorney fees, and all other just and proper relief in the premises.

### COUNT III—Unlawful Retaliation

Plaintiff, by counsel, Kara Bekelya and David W. Masse, for her further causes of action against the Defendants, alleges and states as follows:

1. Paragraphs 1 through 30 are incorporated herein by reference.

2. The Plaintiff is a disabled black female with strong and sincere beliefs, who asserted her civil rights by complaining of the Defendants' discriminatory conduct and was

subsequently fired from her job because she requested that a reasonable accommodation be made for her disability.

3. The Plaintiff's right to work in a professional atmosphere free from unlawful discrimination because of her disability is guaranteed by federal, Indiana, and local statutes.

4. After the Plaintiff asserted her civil rights guaranteed by statute, and because she complained of the Defendants' behavior, the Defendants more openly expressed animosity towards the Plaintiff, and intensified their campaign to remove the Plaintiff from her position.

WHEREFORE, Plaintiff, Sarah Willis, prays for judgment against the Defendants in an amount that will adequately compensate her for her damages, costs of this action, attorney fees, and all other just and proper relief in the premises.

### COUNT V—Intentional Infliction of Emotional Distress

Plaintiff, by counsel, Kara Bekelya and David W. Masse, for her further causes of action against the Defendants, alleges and states as follows:

1. Paragraphs 1 through 30 are incorporated herein by reference.

2. Defendants, by way of extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to Plaintiff.

3. Defendants caused emotional distress to Plaintiff that was so severe that no reasonable person could be expected to endure it.

4. Plaintiff was damaged by Defendants intentional infliction of emotional distress.

5. As a result of the Defendants' intentional actions, the Defendants directly and proximately caused the Plaintiff significant emotional harm.

6. The Defendants are liable for committing the tort of intentional infliction of emotional distress under Indiana common law, and the Plaintiff is now entitled to recover for that

8

emotional trauma as general damages, in an amount to be determined at trial, and for all other just and proper relief.

WHEREFORE, Plaintiff, Sarah Willis, prays for judgment against the Defendants in an amount that will adequately compensate her for her damages, costs of this action, attorney fees, and all other just and proper relief in the premises.

## IV. PRAYER FOR DAMAGES

WHEREFORE, the Plaintiff respectfully requests that this Court grant the Plaintiff:

1. Economic damages in the form of lost back pay, front pay, medical insurance, premiums, and other pecuniary losses, together with interest as permitted by law;

2. Compensatory damages for mental pain and anguish in amounts to be proven at trial;

3. Attorneys' fees and costs of this action;

4. Punitive damages in an amount to be proven at trial;

5. Other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and

6. Such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

WOODWARD LAW OFFICES, LLP
Attorney for Plaintiff,

By: /s/ Kara Bekelya
Kara Bekelya
Attorney No. 33954-45
200 East 90th Drive
Merrillville, Indiana 46410
Tel. (219) 736-9990
kbekelya@wbbklaw.com

9

## DEMAND FOR A JURY TRIAL

Plaintiff requests a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

WOODWARD LAW OFFICES, LLP
Attorney for Plaintiff,

By: /s/ Kara Bekelya
Kara Bekelya
Attorney No. 33954-45
200 East 90th Drive
Merrillville, Indiana 46410
Tel. (219) 736-9990
kbekelya@wbbklaw.com